IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| DeBorah Evans, | ) | |
| | ) | Case No. _____ |
| Plaintiff, | ) | |
| | ) | **COMPLAINT** |
| v. | ) | |
| | ) | **Jury Trial Demanded** |
| Ashro, Inc., Monroe & Main, Inc., and | ) | |
| Montgomery Ward, Inc. | ) | |
| | ) | |
| Defendants. | ) | |

## NATURE OF ACTION

1.     Plaintiff DeBorah Evans ("Plaintiff") brings this action against Defendants Ashro, Inc. ("Ashro"), Monroe & Main, Inc. ("Monroe"), and Montgomery Ward, Inc. ("Montgomery") pursuant to the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, and the Michigan Collection Practices Act ("MCPA"), MCL § 445.251 *et seq*.

## JURISDICTION, VENUE, AND STANDING

2.     Jurisdiction of this Court arises under 47 U.S.C. § 227(b)(3), 28 U.S.C. § 1331, and 28 U.S.C. § 1367(a).

3.     Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this

district, where Plaintiff resides in this district, and where Defendants transact business in this district.

4.      "In determining whether an intangible harm constitutes injury in fact, both history and the judgment of Congress play important roles." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1549, 194 L. Ed. 2d 635 (2016), *as revised* (May 24, 2016). Congress is "well positioned to identify intangible harms that meet minimum Article III requirements," thus "Congress may 'elevat[e] to the status of legally cognizable injuries concrete, *de facto* injuries that were previously inadequate in law.'" *Id.* (quoting *Lujan v. Defs of Wildlife*, 504 U.S. 555, 578 (1992)).

5.      "Courts have consistently held that allegations of nuisance and invasion of privacy in TCPA actions are sufficient to state a concrete injury under Article III." *Hewlett v. Consol. World Travel, Inc.*, No. CV 2:16-713 WBS AC, 2016 WL 4466536, at *2 (E.D. Cal. Aug. 23, 2016) ("The purpose and history of the TCPA thus suggest that Congress sought to curb the 'aggravation, nuisance, and invasion of privacy' that plaintiff alleges here, which resulted from defendant's alleged use of an ATDS to call plaintiff despite plaintiff's repeated requests for those autodialed calls to stop.").

**THE TELEPHONE CONSUMER PROTECTION ACT**

6.     Congress enacted the TCPA due to widespread concern over the invasion of privacy caused by the proliferation of automatic and prerecorded phone calls. *See Mims v. Arrow Fin. Services, LLC*, 132 S. Ct. 740, 745, 181 L. Ed. 2d 881 (2012).

7.     In enacting the TCPA, Congress found that "'unrestricted telemarketing . . . can be an intrusive invasion of privacy.' In particular, Congress reported, 'many consumers are outraged over the proliferation of intrusive nuisance calls to their homes.'"  *Id*. (citing S.Rep. No. 102-178, at 4-5, reprinted in 1991 U.S.C.C.A.N. at 1972).

8.     The TCPA makes it unlawful for any person "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a . . . cellular telephone service . . . ." 47 U.S.C. § 227(b)(1)(A)(iii).

9.     The TCPA gives a private right of action to individuals that allows for both injunctive relief as well as monetary damages.  Damages are calculated by the greater of actual damages or $500 for each violation of the statute.  47 U.S.C. § 227(b)(3)(B).

10.     Under the TCPA, subscribers of wireless service and customary users of a telephone number, who are called in violation of the TCPA, have standing to bring a TCPA suit.  *See Lee v. Loandepot.com, LLC*, 14-CV-01084-EFM, 2016 WL 4382786, at *4 (D. Kan. Aug. 17, 2016); *In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 30 F.C.C. Rcd. 7961 (F.C.C. 2015) ("'called party' is best understood to mean the subscriber to whom the dialed wireless number is assigned because the subscriber is 'charged for the call' and, along with a non-subscriber customary user, is the person whose privacy is interrupted by unwanted calls.").

11.     "If the court finds that the defendant willfully or knowingly violated" the TCPA, the court may "increase the amount of the award to an amount equal to not more than 3 times the amount available."  47 U.S.C. § 227(b)(3)(C).

## PARTIES

12.     Plaintiff is a natural person who at all relevant times resided in the State of Michigan, County of Washtenaw, and City of Ypsilanti.

13.     Defendants are all related under the same "family of companies" as affiliates of one another.

14.     Ashro is a creditor of Plaintiff's, who operates a business other than that of a collection agency.

15.     Ashro is a "regulated person" as defined by MCL § 445.251(g).

16.     Monroe is a creditor of Plaintiff's, who operates a business other than that of a collection agency.

17.     Monroe is a "regulated person" as defined by MCL § 445.251(g).

18.     Montgomery is a creditor of Plaintiff's, who operates a business other than that of a collection agency.

19.     Montgomery is a "regulated person" as defined by MCL § 445.251(g).

## FACTUAL ALLEGATIONS

20.     Plaintiff is subscribed to a cellular telephone service and has been assigned a wireless number in connection with such subscription.

21.     In 2011, Plaintiff was hit by a car as she was walking and, as a result, she sustained serious injuries, including to her ribcage, which did not heal properly in the following years.

22.     Plaintiff underwent major surgery on her ribcage on or about November 17, 2016.

23.     Plaintiff lost her job when she was unable to return to work due to an extensive recovery period.

24.     As a result of Plaintiff's medical expenses and job loss, Plaintiff has fallen behind on some of her bills, including those with the Defendants.

## **Ashro**

25.     In December of 2016, Ashro began calling Plaintiff's wireless number, often calling once or twice each day.

26.     On January 24, 2017 Ashro placed a call to Plaintiff's wireless number and spoke with Plaintiff.

27.     Plaintiff explained to Ashro that she was unable to make any payments and that while she intended to eventually pay her account, she wanted Ashro to stop calling.

28.     Therefore, to the extent Ashro had Plaintiff's prior express consent to place calls to Plaintiff's wireless number, such consent was revoked no later than January 24, 2017.

29.     Despite Plaintiff telling Ashro to cease calls to her wireless number, Ashro continued to call Plaintiff's number.

30.     Ashro placed multiple additional calls to Plaintiff's wireless number, including, but not limited to, the following dates and approximate times:

1) February 2, 2017 at 5:35 P.M.;
2) February 8, 2017 at 9:31 A.M.;
3) February 17, 2017 at 11:51 A.M.;
4) February 21, 2017 at 3:30 P.M.;
5) February 28, 2017 at 12:09 P.M.;
6) March 3, 2017 at 3:59 P.M.;
7) March 14, 2017 at 11:46 A.M.;
8) March 22, 2017 at 8:52 A.M.;

9)  March 22, 2017 at 5:58 P.M.;
10)    March 27, 2017 at 1:20 P.M.;
11)    March 31, 2017 at 1:44 P.M.;
12)    April 6, 2017 at 3:36 P.M.;
13)    April 7, 2017 at 8:58 A.M.;
14)    April 11, 2017, at 10:56 A.M.;
15)    April 17, 2017 at 2:18 P.M.;
16)    April 21, 2017 at 1:44 P.M.;
17)    April 26, 2017 at 10:55 A.M.;
18)    May 5, 2017 at 12:35 P.M.;
19)    May 5, 2017 at 5:49 P.M.;
20)    May 11, 2017 at 4:54 P.M.;
21)    May 16, 2017 at 12:40 P.M.;
22)    May 18, 2017 at 2:12 P.M.;
23)    May 27, 2017 at 10:52 A.M.;
24)    June 5, 2017 at 7:09 P.M.; and
25)    June 6, 2017 at 1:38 P.M.

31.    During many of the above-referenced calls, Ashro delivered a voicemail message to Plaintiff using an artificial or pre-recorded voice.

32.    Each voicemail stated a message in an artificial or pre-recorded voice that was substantially similar to the one left by Ashro on February 2, 2017:

Call me back toll free between the hours of 8 A.M. and 12 midnight Central Time at 1-800-866-8939. I have some important information for you. Again that toll-free number is 1-800-866-8939. Thank you.

33.    Upon information and belief, the telephone calls identified above were placed to Plaintiff's wireless number using an automatic telephone dialing system.

34.    Upon information and belief, the telephone calls identified above were placed to Plaintiff's wireless number using an automatic telephone dialing system.

35.     Ashro did not place any calls to Plaintiff's wireless number for emergency purposes.

36.     Rather, Ashro placed each of the calls in connection with an attempt to collect a debt from Plaintiff.

37.     Ashro did not have Plaintiff's prior express consent to make any calls to Plaintiff's wireless number.

38.     Upon information and belief, Ashro voluntarily placed the calls identified above to Plaintiff's wireless number.

39.     Upon information and belief, Ashro placed all calls to Plaintiff's wireless number under its own free will.

40.     Upon information and belief, Ashro had knowledge that it was using an automatic telephone dialing system to place each of the calls identified above.

41.     Upon information and belief, Ashro intended to use an automatic telephone dialing system to place each of the calls identified above.

42.     Upon information and belief, Ashro maintains business records that show all calls Ashro placed to Plaintiff's wireless number.

43.     Plaintiff felt harassed by Ashro's continued phone calls and messages after Plaintiff had expressly told Ashro to stop calling.

## **Monroe**

44.    On January 23, 2017, Monroe placed a call to Plaintiff's wireless number and Plaintiff spoke with Monroe.

45.    Plaintiff explained to Monroe that she was unable to make any payments and that while she intended to eventually pay her account, she wanted Monroe to stop calling.

46.    Therefore, to the extent Monroe had Plaintiff's prior express consent to place calls to Plaintiff's wireless number, such consent was revoked no later than January 23, 2017.

47.    Following Plaintiff's conversation with Monroe on January 23, 2017, Monroe continued to place additional calls to Plaintiff.

48.    Monroe placed multiple additional calls to Plaintiff's wireless number, including, but not limited to, the following dates and approximate times:

       1)  February 1, 2017 at 9:46 A.M.;
       2)  February 2, 2017 at 10:13 A.M.;
       3)  February 6, 2017 at 11:12 A.M.;
       4)  February 20, 2017 at 6:46 P.M.;
       5)  February 23, 2017 at 1:03 P.M.;
       6)  February 27, 2017 at 10:50 A.M.;
       7)  March 2, 2017 at 12:44 P.M.;
       8)  March 6, 2017 at 1:14 P.M.;
       9)  March 6, 2017 at 4:44 P.M.;
       10)   March 21, 2017 at 10:32 A.M.;
       11)   March 23, 2017 at 12:05 P.M.;
       12)   March 25, 2017 at 10:20 A.M.;

13)    March 28, 2017 at 9:59 A.M.;
14)    March 29, 2017 at 9:58 A.M.;
15)    March 31, 2017 at 1:43 P.M.;
16)    April 1, 2017 at 10:58 A.M.;
17)    April 4, 2017 at 3:38 P.M.;
18)    April 8, 2017 at 11:46 A.M.;
19)    April 10, 2017 at 1:52 P.M.;
20)    April 13, 2017 at 12:55 P.M.;
21)    April 14, 2017 at 5:00 P.M.;
22)    April 19, 2017 at 3:46 P.M.;
23)    April 20, 2017 at 4:32 P.M.;
24)    April 25, 2017 at 1:34 P.M.;
25)    April 29, 2017 at 11:02 A.M.;
26)    May 4, 2017 at 3:40 P.M.;
27)    May 8, 2017 at 2:45 P.M.;
28)    May 10, 2017 at 10:42 A.M.;
29)    May 12, 2017 at 4:22 P.M.;
30)    May 15, 2017 at 5:23 P.M.;
31)    May 17, 2017 at 10:47 A.M.;
32)    May 24, 2017 at 12:33 P.M.;
33)    June 1, 2017 at 10:34 A.M.; and,
34)     June 7, 2017 at 7:45 P.M.

49.    During many of the above-referenced calls, Monroe delivered a

voicemail message to Plaintiff using an artificial or pre-recorded voice.

50.    Each voicemail stated a message in an artificial or pre-recorded voice

that was substantially similar to the one left by Monroe on February 1, 2017:

> Please call me back toll free between the hours of 8 A.M. and 12
> midnight Central Time at 1-877-990-9438. I have some important
> information for you. Again that toll-free number is 1-877-990-9438.
> Thank you.

51.     Upon information and belief, the telephone calls identified above were placed to Plaintiff's wireless number using an automatic telephone dialing system.

52.     Monroe did not place any calls to Plaintiff's wireless number for emergency purposes.

53.     Rather, Monroe placed each of the calls in connection with an attempt to collect a debt from Plaintiff.

54.     Monroe did not have Plaintiff's prior express consent to make any calls to Plaintiff's wireless number.

55.     Upon information and belief, Monroe voluntarily placed the calls identified above to Plaintiff's wireless number.

56.     Upon information and belief, Monroe placed all calls to Plaintiff's wireless number under its own free will.

57.     Upon information and belief, Monroe had knowledge that it was using an automatic telephone dialing system to place each of the calls identified above.

58.     Upon information and belief, Monroe intended to use an automatic telephone dialing system to place each of the calls identified above.

59.     Upon information and belief, Monroe maintains business records that show all calls Monroe placed to Plaintiff's wireless number.

60.     Plaintiff felt harassed by Monroe's continued phone calls and messages after Plaintiff had expressly told Monroe to stop calling.

## Montgomery

61.     On January 25, 2017 Montgomery placed a call to Plaintiff's wireless number and Plaintiff spoke with Montgomery.

62.     Plaintiff explained to Montgomery that she was unable to make any payments and that while she intended to eventually pay her account, she wanted Montgomery to stop calling.

63.     Therefore, to the extent Montgomery had Plaintiff's prior express consent to place calls to Plaintiff's wireless number, such consent was revoked no later than January 25, 2017.

64.     Montgomery placed multiple additional calls to Plaintiff's wireless number, including, but not limited to, the following dates and approximate times:

1)  January 25, 2017 at 1:54 P.M.;
2)  January 30, 2017 at 3:45 P.M.;
3)  February 8, 2017 at 11:56 A.M.;
4)  February 22, 2017 at 2:11 P.M.;
5)  February 25, 2017 at 10:32 A.M.;
6)  March 1, 2017 at 1:58 P.M.;
7)  March 4, 2017 at 10:24 A.M.;
8)  March 15, 2017 at 9:42 A.M.;
9)  March 24, 2017 at 1:36 P.M.;
10)     March 30, 2017 at 11:51 A.M.;
11)     March 31, 2017 at 1:43 P.M.;
12)     April 5, 2017 at 5:32 P.M.;

13)     April 12, 2017 at 10:24 A.M.;
14)     April 15, 2017 at 9:46 A.M.;
15)     April 18, 2017 at 10:36 A.M.;
16)     April 24, 2017 at 5:33 P.M.;
17)     May 2, 2017 at 3:14 P.M.;
18)     May 9, 2017 at 11:51 A.M.;
19)     May 13, 2017 at 11:40 A.M.;
20)     May 16, 2017 at 10:37 A.M.;
21)     May 18, 2017 at 2:12 P.M.;
22)     May 26, 2017 at 4:01 P.M.;
23)     June 2, 2017 at 4:30 P.M.; and.,
24)     June 8, 2017 at 8:49 A.M.

65.     During many of the above-referenced calls, Montgomery delivered a voicemail message to Plaintiff using an artificial or pre-recorded voice.

66.     Each voicemail message stated a message in an artificial or pre-recorded voice that was substantially similar to the one left by Montgomery on January 25, 2017:

> Please call me back toll free between the hours of 8 A.M. and 12 midnight Central Time at 1-877-621-3550. I have some important information for you. Again that toll-free number is 1-877-621-3550. Thank you.

67.     Upon information and belief, the telephone calls identified above were placed to Plaintiff's wireless number using an automatic telephone dialing system.

68.     Montgomery did not place any calls to Plaintiff's wireless number for emergency purposes.

69.     Rather, Montgomery placed each of the calls in connection with an attempt to collect a debt from Plaintiff.

70.     Montgomery did not have Plaintiff's prior express consent to make any calls to Plaintiff's wireless number.

71.     Upon information and belief, Montgomery voluntarily placed the calls identified above to Plaintiff's wireless number.

72.     Upon information and belief, Montgomery placed all calls to Plaintiff's wireless number under its own free will.

73.     Upon information and belief, Montgomery had knowledge that it was using an automatic telephone dialing system to place each of the calls identified above.

74.     Upon information and belief, Montgomery intended to use an automatic telephone dialing system to place each of the calls identified above.

75.     Upon information and belief, Montgomery maintains business records that show all calls Montgomery placed to Plaintiff's wireless number.

76.     Plaintiff felt harassed by Montgomery's continued phone calls and messages after Plaintiff had expressly told Montgomery to stop calling.

## COUNT I
## VIOLATION OF 47 U.S.C. § 227(b)(1)(A)(iii)
## ASHRO

77.    Plaintiff repeats and re-alleges each factual allegation above.

78.    Ashro violated 47 U.S.C. § 227(b)(1)(A)(iii) by willfully and knowingly placing telephone calls to Plaintiff's cellular telephone number using an automatic telephone dialing system and/or an artificial or pre-recorded voice.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)  Adjudging that Ashro violated 47 U.S.C. § 227(b)(1)(A)(iii);

b)  Enjoining Ashro from placing any further telephone calls to Plaintiff in violation of the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(A);

c)  Awarding Plaintiff statutory damages in the amount of $500.00 per violation, pursuant to 47 U.S.C. § 227(b)(3)(B);

d)  Awarding Plaintiff actual damages, pursuant to 47 U.S.C. § 227(b)(3)(B);

e)  Awarding Plaintiff treble damages, pursuant to 47 U.S.C. § 227(b)(3);

f)  Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

g)  Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

h) Awarding such other and further relief as the Court may deem proper.

## COUNT II
## VIOLATION OF MCL § 445.252(n)
## ASHRO

79. Plaintiff repeats and re-alleges each factual allegation above.

80. Ashro violated MCL § 445.252(n) by using a harassing, oppressive, or abusive method to collect a debt, including causing Plaintiff's telephone to ring repeatedly, continuously, or at times which are known to be inconvenient to Plaintiff.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Ashro violated MCL § 445.252(n);

b) Enjoining Ashro from placing any further telephone calls to Plaintiff in violation of the MCPA, pursuant to MCL § 445.257(1);

c) Awarding Plaintiff actual damages or $50.00, whichever is greater, pursuant to MCL § 445.257(2);

d) Adjudging Ashro's conduct was a willful violation, and awarding not less than three times the amount of actual damages or $150.00, whichever is greater, pursuant to MCL § 445.257(2);

e) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action, pursuant to MCL § 445.257(2);

f) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

g) Awarding such other and further relief as the Court may deem proper.

**COUNT III**
**VIOLATION OF 47 U.S.C. § 227(b)(1)(A)(iii)**
**MONROE**

81. Plaintiff repeats and re-alleges each factual allegation above.

82. Monroe violated 47 U.S.C. § 227(b)(1)(A)(iii) by willfully and knowingly placing telephone calls to Plaintiff's cellular telephone number using an automatic telephone dialing system and/or an artificial or pre-recorded voice.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Monroe violated 47 U.S.C. § 227(b)(1)(A)(iii);

b) Enjoining Monroe from placing any further telephone calls to Plaintiff in violation of the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(A);

c) Awarding Plaintiff statutory damages in the amount of $500.00 per violation, pursuant to 47 U.S.C. § 227(b)(3)(B);

d) Awarding Plaintiff actual damages, pursuant to 47 U.S.C. § 227(b)(3)(B);

e) Awarding Plaintiff treble damages, pursuant to 47 U.S.C. § 227(b)(3);

f)  Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

g)  Awarding Plaintiff pre-judgment and post-judgment interest as permissible by  law; and

h)  Awarding such other and further relief as the Court may deem proper.

**COUNT IV**
**VIOLATION OF MCL § 445.252(n)**
**MONROE**

83.   Plaintiff repeats and re-alleges each factual allegation above.

84.   Monroe violated MCL § 445.252(n) by using a harassing, oppressive, or abusive method to collect a debt, including causing Plaintiff's telephone to ring repeatedly, continuously, or at times which are known to be inconvenient to Plaintiff.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)  Adjudging that Monroe violated MCL § 445.252(n);

b)  Enjoining Monroe from placing any further telephone calls to Plaintiff in violation of the MCPA, pursuant to MCL § 445.257(1);

c)  Awarding Plaintiff actual damages or $50.00, whichever is greater, pursuant to MCL § 445.257(2);

d) Adjudging Monroe's conduct was a willful violation, and awarding not less than three times the amount of actual damages or $150.00, whichever is greater, pursuant to MCL § 445.257(2);

e) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action, pursuant to MCL § 445.257(2);

f) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

g) Awarding such other and further relief as the Court may deem proper.

### COUNT V
### VIOLATION OF 47 U.S.C. § 227(b)(1)(A)(iii)
### MONTGOMERY

85.    Plaintiff repeats and re-alleges each factual allegation above.

86.    Montgomery violated 47 U.S.C. § 227(b)(1)(A)(iii) by willfully and knowingly placing telephone calls to Plaintiff's cellular telephone number using an automatic telephone dialing system and/or an artificial or pre-recorded voice.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Montgomery violated 47 U.S.C. § 227(b)(1)(A)(iii);

b) Enjoining Montgomery from placing any further telephone calls to Plaintiff in violation of the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(A);

c)  Awarding Plaintiff statutory damages in the amount of $500.00 per violation, pursuant to 47 U.S.C. § 227(b)(3)(B);

d)  Awarding Plaintiff actual damages, pursuant to 47 U.S.C. § 227(b)(3)(B);

e)  Awarding Plaintiff treble damages, pursuant to 47 U.S.C. § 227(b)(3);

f)  Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

g)  Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

h)  Awarding such other and further relief as the Court may deem proper.

## COUNT VI
## VIOLATION OF MCL § 445.252(n)
## MONTGOMERY

87.  Plaintiff repeats and re-alleges each factual allegation above.

88.  Montgomery violated MCL § 445.252(n) by using a harassing, oppressive, or abusive method to collect a debt, including causing Plaintiff's telephone to ring repeatedly, continuously, or at times which are known to be inconvenient to Plaintiff.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)  Adjudging that Montgomery violated MCL § 445.252(n);

b) Enjoining Montgomery from placing any further telephone calls to Plaintiff in violation of the MCPA, pursuant to MCL § 445.257(1);

c) Awarding Plaintiff actual damages or $50.00, whichever is greater, pursuant to MCL § 445.257(2);

d) Adjudging Montgomery's conduct was a willful violation, and awarding not less than three times the amount of actual damages or $150.00, whichever is greater, pursuant to MCL § 445.257(2);

e) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action, pursuant to MCL § 445.257(2);

f) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

g) Awarding such other and further relief as the Court may deem proper.

## TRIAL BY JURY

89. Plaintiff is entitled to and hereby demands a trial by jury.

Dated: September 7, 2017

Respectfully submitted,

s/Joseph Panvini
Joseph Panvini
Thompson Consumer Law Group, PLLC
5235 E. Southern Ave. D106-618
Mesa, AZ 85206
Telephone: (602) 388-8875
Facsimile: (866) 317-2674

jpanvini@consumerlawinfo.com
Attorney for Plaintiff